UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN CLARK                                                                                        PLAINTIFF

   VERSUS                                              CIVIL ACTION NO. 3:16CV751-DPJ-RHW

COMMISSIONER CAROLYN W. COLVIN[1]
DEFENDANT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

      Plaintiff John Clark filed a complaint challenging the Commissioner of Social Security's denial of his application for disability insurance benefits and supplemental income. Doc. [1]. Plaintiff alleged disability beginning July 14, 2012, due to asthma depression, anxiety, and neurological problems. Doc. [10] at 148, 219. Plaintiff was 51 years old at the alleged date of onset, with two years of college education and certification in radio and TV repair. *Id.* at 68, 148. Plaintiff's previous work includes a composite job at a casino, where he maintained slot machines and reupholstered gaming tables. *Id.* at 108-10. He also has worked as a quality control technician, furniture assembler, maintenance mechanic, and lawn sprinkler installer. *Id.* at 110. Plaintiff's application was denied at the initial level and on reconsideration. *Id.* at 188-205. Plaintiff requested and was granted a hearing before an Administrative Law Judge (ALJ). *Id.* at 62-117, 206-08.

      On March 31, 2015, the ALJ issued a decision denying Plaintiff's application for benefits. *Id.* at 12-36. The ALJ found that Plaintiff had severe impairments of degenerative disc disease, obesity, and essential hypertension. *Id.* at 17. Of particular relevance to the issues

---

[1] As noted in Defendant's memorandum, Nancy A. Berryhill is now the Acting Commissioner of Social Security. Doc. [14] at 1 n.1.

before the undersigned, the ALJ found that Plaintiff did not have any severe mental impairments. *Id*. at 18-19. The ALJ further concluded that Plaintiff's impairments did not meet any of the requirements for presumptive disability. *Id.* at 19-20. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform light work, including restrictions of no climbing ladders, ropes, scaffolds, occasional climbing ramps/stairs; and no exposure to unprotected heights/hazardous machinery. *Id.* at 20. Based on Plaintiff's RFC, the ALJ found that Plaintiff could not perform any past relevant work. *Id.* However, relying on the testimony of a vocational expert, the ALJ concluded that Plaintiff could perform jobs that exist in significant numbers in the national economy. *Id.* at 30. Specifically, the ALJ found that Plaintiff could perform the occupations of bench assembler and electrical worker. *Id.* Accordingly, the ALJ determined that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review. *Id.* at 5-10. Plaintiff then filed the instant complaint.

In his motion for summary judgment, Plaintiff raises the following issues: (1) whether substantial evidence supports the ALJ's decision that Plaintiff's mental impairment is not severe and does not affect his ability to work; (2) whether the ALJ failed to properly evaluate the medical opinion evidence from Plaintiff's treating physician, Dr. Doug Perry; and (3) whether the ALJ properly assessed Plaintiff's credibility. Doc. [11] [12]. The Commissioner has filed a motion to affirm and accompanying memorandum. Doc. [13] [14].

## Law and Analysis

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the

Commissioner's decision to be supported by substantial evidence, then the findings are conclusive and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). *See also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record, nor try any issues de novo, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from

performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id.*

**Mental Impairments**

Plaintiff argues that the ALJ did not properly determine that his ability to work is not affected by a mental or emotional impairment. In essence, Plaintiff argues that the ALJ's decision regarding mental impairments is not supported by substantial evidence. Plaintiff points out that Joseph Dunn, Ph.D., a psychological consultative examiner concluded that Plaintiff has symptoms of anxiety and depression and that a personality disorder should be considered. Doc. [10] at 370. Furthermore, state agency consultants diagnosed Plaintiff with affective/mood disorders and anxiety related disorders. *Id.* at 142-43, 180-81. Plaintiff also relies heavily on the report of Bryman Williams, Ph.D. who concluded that Plaintiff has limitations with respect to sustained concentration and persistence. *Id.* at 154. According to Dr. Williams, Plaintiff is moderately limited in his ability to carry out detailed instructions and in his ability to maintain attention and concentration for extended periods. *Id.* Plaintiff argues that mental limitations should have been included in the RFC based on the diagnoses and functional limitations contained in the record.

The regulations define a severe impairment as "any impairment or combination of impairments which significantly limits [one's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).  A "slight abnormality" is non-severe when it has "such minimal effect on that individual that it would not be expected to interfere with the individual's ability to work."  *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).  In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as could be the basis of eligibility under the law, the ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  *See* 20 C.F.R. § 404.1523; *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).  If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process."  20 C.F.R. § 404.1523.  Finally, it is clear that the ALJ must consider all the record evidence and cannot "pick and choose" only the evidence that supports his position.  *Loza*, 219 F.3d at 393-94 (citing *Switzer v. Heckler*, 742 F.2d 382, 385–86 (7th Cir.1984); *Garfield v. Schweiker*, 732 F.2d 605, 609 (7th Cir.1984); *Green v. Shalala*, 852 F.Supp. 558, 568 (N.D.Tex.1994); *Armstrong v. Sullivan*, 814 F.Supp. 1364, 1373 (W.D.Tex.1993)).

When considering Plaintiff's mental conditions at step two, the ALJ concluded that Plaintiff has only mild limitation in the functional area of concentrations, persistence or pace.  *Id.* at 19.  In support of this conclusion, the ALJ relied on Dr. Dunn, who reported that Plaintiff's memory appeared to be intact and that Plaintiff could perform addition and subtraction.[2]  *Id.* at 370.  The ALJ further relied on Dr. Williams' conclusion that Plaintiff's mental impairment was

---

[2] According to the Commissioner, the ALJ "noted that Dr. Dunn recorded that Plaintiff only had mild limitation in concentration, persistence, or pace." (citing Doc. [10] at 19). Doc. [14] at 7.  No such finding appeared in the ALJ's decision.  Nor could the undersigned locate any such finding in Dr. Dunn's report.  *See* Doc. [10] at 368-71.

5

not severe. *Id.* at 152. The ALJ noted that Dr. Williams inconsistently documented a moderate limitation in concentration, persistence and pace. *Id.* at 19. Based on this internal inconsistency, the ALJ accorded only partial weight to Dr. Williams' opinion. *Id.*

In assessing Plaintiff's RFC, the ALJ also considered whether Plaintiff had any non-exertional limitations due to mental impairment. *Id.* at 27. The ALJ again noted that Dr. Williams' assessment is internally inconsistent. *Id.* The ALJ further found that the limitations in concentration, persistence, and pace are not supported by other corroborating evidence. *Id.* According to the ALJ, the opinions of Dr. Williams and Dr. Dunn rely heavily on Plaintiff's subjective complaints, which are not reliable. *Id.*

A more detailed examination of Dr. Williams' report reveals even more support for Plaintiff's position than was discussed by the ALJ. Dr. Williams found that Plaintiff has moderate difficulties in maintaining concentration, persistence or pace. *Id.* at 153. Dr. Williams further indicated that Plaintiff's impairments can reasonably be expected to produce Plaintiff's symptoms. *Id.* at 154. Moreover, Dr. Williams indicated that Plaintiff's statements about the intensity, persistence, and functionally limiting effects of the symptoms are substantiated by the objective medical evidence alone. *Id.* According to Dr. Williams, Plaintiff is moderately limited in his ability to carry out detailed instructions, and moderately limited in his ability to maintain attention and concentration for extended periods of time. *Id.* Plaintiff also is moderately limited in his ability to work in coordination with or in proximity to others without being distracted by them. *Id.* at 155. Dr. Williams concluded that Plaintiff appears capable of understanding and carrying out simple instructions with moderate impairment and that Plaintiff has moderate impairment in maintaining attention and concentration adequately for two-hour periods in an eight-hour work day. *Id.*

6

Despite these findings from Dr. Williams, the ALJ did not include any mental limitations in Plaintiff's RFC.  In so doing, the ALJ essentially rejected the portion of Dr. Williams' opinion as it related to any work-related mental limitations.  Instead, the ALJ adopted Dr. Williams' bare conclusion that Plaintiff's mental impairments are "not severe".  The ALJ did not attempt to resolve or explain the inconsistencies in Dr. Williams' report.  Rather, the ALJ simply chose from among Dr. Williams' apparently inconsistent findings the evidence that supported the ALJ's conclusions while rejecting without explanation those findings that did not support the ALJ's findings.  *See Loza*, 219 F.3d at 393-94.

Digging a little deeper into Dr. Williams' opinion, he indicated that Plaintiff's problems with regard to concentration are related to his physical ailments.  Doc. [10] at 153.  Dr. Dunn also opined that Plaintiff's prognosis with regard to depression appears to be secondary to his health and situational concerns.  *Id.* at 370.  Plaintiff reported to Dr. Dunn that chronic pain interferes with his functioning in an employment setting.  *Id.*  As will be discussed below, the undersigned finds that the ALJ erred in her evaluation of the treating physician's assessment regarding Plaintiff's physical limitations.  Given the apparent interrelated nature of Plaintiff's mental and physical conditions, and given that remand is appropriate on other grounds, it is not necessary at this time for the undersigned to rule on whether substantial evidence supports the ALJ's finding regarding Plaintiff's mental impairment.  However, on remand, the ALJ should address the inconsistencies in Dr. Williams' opinion.

**Treating Physician**

Plaintiff argues that the ALJ did not properly assess the opinion of his treating physician, Dr. Doug Perry.  The opinion of a treating physician is to be given controlling weight if the opinion is well-supported by clinical and laboratory findings and is not inconsistent with other

7

substantial evidence in the record.  20 C.F.R. 404.1527(d)(2).  The ALJ may accord lesser weight to a treating physician's opinion for good cause, such as where the treating physician's opinion is conclusory, not credible, or unsupported by objective medical evidence or clinical laboratory findings.  *Leggett v. Chater*, 67 F.3d 558 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir.1994).  An ALJ may properly rely on a non-examining physician's assessment when those findings are based upon a careful evaluation of the medical evidence and do not contradict those of the examining physician.  "Absent reliable medical evidence from a treating or examining physician controverting the claimant's specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)."  *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000) (emphasis in the original).  *See Carrier v. Sullivan*, 994 F.2d 243, 246 (5th Cir. 1991); *Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990).  The criteria for assessing a treating physician's opinion as required by 20 C.F.R. § 404.1527(d)(2) are: (1) the physician's length of treatment of the claimant;  (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician.  "If the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician".  *Newton*, 209 F.3d at 453.

In this case, Dr. Perry provided a medical assessment of Plaintiff's ability to perform work-related activities.  Doc. [10] at 372-75.  Among Dr. Perry's findings, he indicated that

Plaintiff's impairment affects his ability to reach, handle, and push/pull. *Id.* at 374. Dr. Perry based this opinion on Plaintiff's shoulder pain/injury and decreased range of motion in the shoulder. *Id.* The ALJ did not include these limitations in Plaintiff's RFC. *Id.* at 20. The vocational expert's testimony suggests that if these limitations are included, Plaintiff would not be capable of performing any kind of light work. *Id.* at 113-14.

The ALJ gave Dr. Perry's opinions "partial weight to the extent they are consistent with the residual functional capacity." *Id.* at 26. As explained above, Dr. Perry's opinions clearly are not consistent with the RFC in all respects. Thus, the ALJ rejected the portion of Dr. Perry's opinion attributing certain additional limitations. The ALJ acknowledged that Dr. Perry is a treating, examining, expert source. *Id.* However, the ALJ's opinion does not identify any treating or examining physician whose opinion controverts Dr. Perry's opinion. Accordingly, the ALJ may reject Dr. Perry's opinion with respect to these additional limitations only after performing the detailed analysis in 20 CFR § 404.1527. *See Newton*, 209 F.3d at 453.

The undersigned concludes that the ALJ did not perform the required analysis. Rather, in partially rejecting Dr. Perry's opinion, the ALJ merely pointed to treatment notes referencing right upper extremity observations including right rotator cuff 90 degrees and grip 4-5/5. *Id.* at 26. The ALJ further concluded, but without reference to any medical record or opinion, "[t]here is no evidence establishing these findings persisted or are expected to persist for at least twelve continuous months." *Id.* Given the absence of contradictory findings from a treating or examining physician, the undersigned concludes that this matter should be remanded to the ALJ for further proceedings.

9

**Credibility Determinations**

Plaintiff argues that the ALJ did not properly evaluate his credibility. Based on the undersigned's recommendation to remand, the Court will forgo discussion of Plaintiff's credibility. The assessment of Plaintiff's credibility should be done within the context of medical records and medical opinion evidence. Thus, the ALJ's further consideration of the medical evidence could affect the ALJ's credibility determinations.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's [11] Motion for Summary Judgment be GRANTED, that the Commissioner's [13] Motion to Affirm be DENIED, and that the matter be remanded to the Commissioner for further proceedings.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 8th day of February, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE